## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

**ROCIO TADEO,** Individually, and as Mother and
Next Friend of **KEVIN MONTIEL,** a Minor,

   Plaintiff,

  vs.

**SILVER CROSS HOSPITAL AND MEDICAL
CENTERS, JAN SMITH, M.D., SUBURBAN
OBSTETRICS & GYNECOLOGY, L.L.C.,
NAHLA MERHI, M.D., ASSOCIATED
RADIOLOGISTS OF JOLIET, S.C.,** and **VINOD
PATEL, M.D.,**

   Defendants.

**No.** Q8 L 373

### Sheriff Please Serve:

Surburban Obstetrics &
Gynecology, L.L.C.
r/a Barbara Weiner
513 Central Avenue
5th Floor
Highland Park, IL 60036

```
08CV7351
JUDGE PALLMEYER
MAGISTRATE JUDGE VALDEZ
RCC
```

### SUMMONS

To each defendant:

  You are summoned and required to file an answer in this case, or otherwise file your
appearance in the Office of the Clerk of this Court, 14 West Jefferson Street, Joliet, Illinois
within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL
TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST
YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

  This summons must be returned by the officer or other person to whom it was given for
service, with endorsement of service and fees, if any, immediately after service. If service cannot
be made, summons shall be returned to endorsed.

  This summons may not be served later than 30 days after its date. MAY 2 1 2008

      WITNESS: _____, 2008

(Seal of Court)         PAMELA J. McGUIRE

            **PAMELA J. McGUIRE**
            Clerk of the Circuit Court
      BY: _____
            (Deputy)

NAME:   Matthew K. Henry
ARDC#:   6280206
Attorney for:  Plaintiff
Address:   60 W. Randolph Street, 4th Floor
City:    Chicago, Illinois 60601

Date of Service 5-22-08


GOVERNMENT EXHIBIT A

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

ROCIO TADEO, Individually, and as Mother and
Next Friend of KEVIN MONTIEL, a Minor,

        Plaintiff,

    vs.

SILVER CROSS HOSPITAL AND MEDICAL
CENTERS, JAN SMITH, M.D., SUBURBAN
OBSTETRICS & GYNECOLOGY, L.L.C.,
NAHLA MERHI, M.D., ASSOCIATED
RADIOLOGISTS OF JOLIET, S.C., and VINOD
PATEL, M.D.,

        Defendants.

No.: 08 L

## COMPLAINT AT LAW

## COUNT I – SILVER CROSS HOSPITAL AND MEDICAL CENTERS

### (Negligence)

**NOW COMES** the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL**, a Minor, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **SILVER CROSS HOSPITAL AND MEDICAL CENTERS** (hereinafter "**SILVER CROSS**"), states as follows:

1.    That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, **SILVER CROSS**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D., JAN SMITH, R.N.,** and **VINOD PATEL, M.D.,** was an Illinois corporation which owned, operated, managed,

Initial case management set for
8-27-08 at: ____

1

maintained, and/or controlled healthcare facilities, institutions, and/or offices located in and throughout the County of Will and State of Illinois.

2.    That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, **SILVER CROSS**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D., JAN SMITH, R.N.**, and **VINOD PATEL, M.D.**, offered healthcare services to the public and to the Plaintiff, **ROCIO TADEO**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.    That on and subsequent to May 12, 2004, and at all times relevant hereto, the Plaintiff, **ROCIO TADEO**, was a patient of the healthcare facility owned, operated, managed, maintained, and/or controlled by the Defendant, **SILVER CROSS**, which by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D., JAN SMITH, R.N.**, and **VINOD PATEL, M.D.**, had accepted the Plaintiff, **ROCIO TADEO**, as a patient and undertook to diagnose and treat the condition from which she suffered.

4.    That on and subsequent to May 12, 2004, and at all times relevant hereto, there existed a duty on the part of the Defendant, **SILVER CROSS**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D., JAN SMITH, R.N.**, and **VINOD PATEL, M.D.**, to possess and apply the skill and knowledge of a reasonably well-qualified healthcare staff and to treat the

2

Plaintiff, **ROCIO TADEO**, in a manner which equaled or exceeded the applicable standard of care.

5. That disregarding its duties, the Defendant, **SILVER CROSS**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D., JAN SMITH, R.N.**, and **VINOD PATEL, M.D.**, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a. Failure to remove a sponge before closing after surgery;

b. Failure to properly perform a sponge count prior to closing after surgery;

c. Failure to properly identify the sponge from the film;

d. Failure to properly order testing to determine the composition of the mass in the pelvic region; and

e. Failure to obtain a surgical consult to remove the sponge.

6. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **SILVER CROSS**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D., JAN SMITH, R.N.**, and **VINOD PATEL, M.D.**, the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL**, sustained serious and permanent injuries; expended and will in the future expend great sums of money in an attempt to be cured; suffered and will continue to suffer from disability and disfigurement; and experienced and will continue to

experience great pain and physical suffering, all of which such injuries are permanent in nature.

7.    That the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, SILVER CROSS, were not discovered by the Plaintiffs, ROCIO TADEO and KEVIN MONTIEL, until December 30, 2006.

8.    That the removal of the sponge from the Plaintiff, ROCIO TADEO, while pregnant with the Plaintiff, KEVIN MONTIEL, resulted in the premature delivery of the Plaintiff, KEVIN MONTIEL, with sequelae consistent with prematurity, including extensive hospitalizations and neurological deficits.

WHEREFORE, the Plaintiff, ROCIO TADEO, Individually and as Mother and Next Friend of KEVIN MONTIEL, a Minor, prays for judgment against the Defendant, SILVER CROSS, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT II – JAN SMITH, R.N.

### (Negligence)

NOW COMES the Plaintiff, ROCIO TADEO, Individually and as Mother and Next Friend of KEVIN MONTIEL, a Minor, by and through her attorneys, KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendant, JAN SMITH, R.N., states as follows:

1.    That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, JAN SMITH, R.N., was a registered nurse in the State of Illinois, who practiced her profession at various healthcare facilities and

institutions throughout the County of Will and State of Illinois, and offered medical care and professional services related thereto to the public and to the Plaintiff, **ROCIO TADEO**.

2.     That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, **JAN SMITH, R.N.**, was an agent and/or employee, whether actual or apparent, of Defendant **SILVER CROSS**, and at all times relevant hereto, acted within the scope of that employment.

3.     That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, **JAN SMITH, R.N.**, accepted the Plaintiff, **ROCIO TADEO**, as a patient and undertook to provide medical care and professional services to the Plaintiff, **ROCIO TADEO**.

4.     That at all times relevant hereto, there existed a duty on the part of the Defendant, **JAN SMITH, R.N.**, to possess and apply the skill and knowledge of a reasonably well-qualified registered nurse and to provide treatment to the Plaintiff, **ROCIO TADEO**, in a manner which equaled or exceeded the applicable standard of care.

5.     That in disregarding her duty, the Defendant, **JAN SMITH, R.N.**, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

      a.     Failure to remove a sponge before closing after surgery; and

      b.     Failure to properly perform a sponge count prior to closing after surgery.

6.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the

Defendant, **JAN SMITH, R.N.**, the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL**, sustained serious and permanent injuries; expended and will in the future expend great sums of money in an attempt to be cured; suffered and will continue to suffer from disability and disfigurement; and experienced and will continue to experience great pain and physical suffering, all of which such injuries are permanent in nature.

7. That the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, **JAN SMITH, R.N.**, were not discovered by the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL**, until December 30, 2006.

8. That the removal of the sponge from the Plaintiff, **ROCIO TADEO**, while pregnant with the Plaintiff, **KEVIN MONTIEL**, resulted in the premature delivery of the Plaintiff, **KEVIN MONTIEL**, with sequelae consistent with prematurity, including extensive hospitalizations and neurological deficits.

**WHEREFORE**, the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL**, a Minor, prays for judgment against the Defendant, **JAN SMITH, R.N.**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT III – SUBURBAN OBSTETRICS & GYNECOLOGY, L.L.C.

### (Negligence)

**NOW COMES** the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL**, a Minor, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the

6

Defendant, **SUBURBAN OBSTETRICS & GYNECOLOGY, L.L.C.** (hereinafter "**SUBURBAN**"), states as follows:

1. That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, **SUBURBAN**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendant, **NAHLA MERHI, M.D.**, was an Illinois corporation operating as a physician's group for physicians specializing in obstetrics and/or gynecology, which owned, operated, managed, maintained, and/or controlled healthcare facilities, institutions, and/or offices located in and throughout the County of Will and State of Illinois.

2. That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, **SUBURBAN**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D.**, offered healthcare services to the public and to the Plaintiff, **ROCIO TADEO**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3. That on and subsequent to May 12, 2004, and at all times relevant hereto, the Plaintiff, **ROCIO TADEO**, was a patient of the healthcare facility owned, operated, managed, maintained, and/or controlled by the Defendant, **SUBURBAN**, which by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D.**, had accepted the Plaintiff, **ROCIO TADEO**, as a patient and undertook to diagnose and treat the condition from which she suffered.

4.      That on and subsequent to May 12, 2004, and at all times relevant hereto, there existed a duty on the part of the Defendant, **SUBURBAN**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D.,** to possess and apply the skill and knowledge of a reasonably well-qualified healthcare staff and to treat the Plaintiff, **ROCIO TADEO**, in a manner which equaled or exceeded the applicable standard of care.

5.      That disregarding its duties, the Defendant, **SUBURBAN**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D.,** was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.      Failure to remove a sponge before closing after surgery; and

    b.      Failure to properly perform a sponge count prior to closing after surgery.

6.      That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **SUBURBAN**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **NAHLA MERHI, M.D.,** the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL**, sustained serious and permanent injuries; expended and will in the future expend great sums of money in an attempt to be cured; suffered and will continue to suffer from disability and disfigurement; and experienced

8.

and will continue to experience great pain and physical suffering, all of which such injuries are permanent in nature.

7.    That the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, **SUBURBAN**, were not discovered by the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL,** until December 30, 2006.

8.    That the removal of the sponge from the Plaintiff, **ROCIO TADEO,** while pregnant with the Plaintiff, **KEVIN MONTIEL,** resulted in the premature delivery of the Plaintiff, **KEVIN MONTIEL,** with sequelae consistent with prematurity, including extensive hospitalizations and neurological deficits.

**WHEREFORE,** the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL,** a Minor, prays for judgment against the Defendant, **SUBURBAN,** in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT IV – NAHLA MERHI, M.D.

(Negligence)

**NOW COMES** the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL,** a Minor, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ,** and complaining of the Defendant, **NAHLA MERHI, M.D.,** states as follows:

1.    That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, **NAHLA MERHI, M.D.,** was a medical doctor specializing in obstetrics and gynecology in the State of Illinois, who practiced her

profession at various healthcare facilities and institutions throughout the County of Will and State of Illinois, and offered medical care and professional services related thereto to the public and to the Plaintiff, **ROCIO TADEO**.

2. That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, **NAHLA MERHI, M.D.**, was an agent and/or employee, whether actual or apparent, of Defendant(s) **SILVER CROSS** and/or **SUBURBAN**, and at all times relevant hereto, acted within the scope of that employment.

3. That on and subsequent to May 12, 2004, and at all times relevant hereto, the Defendant, **NAHLA MERHI, M.D.**, accepted the Plaintiff, **ROCIO TADEO**, as a patient and undertook to provide medical care and professional services to the Plaintiff, **ROCIO TADEO**.

4. That at all times relevant hereto, there existed a duty on the part of the Defendant, **NAHLA MERHI, M.D.**, to possess and apply the skill and knowledge of a reasonably well-qualified medical doctor specializing in obstetrics and gynecology and to provide treatment to the Plaintiff, **ROCIO TADEO**, in a manner which equaled or exceeded the applicable standard of care.

5. That in disregarding her duty, the Defendant, **NAHLA MERHI, M.D.**, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a. Failure to remove a sponge before closing after surgery; and

b. Failure to properly perform a sponge count prior to closing after surgery.

6. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **NAHLA MERHI, M.D.**, the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL**, sustained serious and permanent injuries; expended and will in the future expend great sums of money in an attempt to be cured; suffered and will continue to suffer from disability and disfigurement; and experienced and will continue to experience great pain and physical suffering, all of which such injuries are permanent in nature.

7. That the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, **NAHLI MERHI, M.D.**, were not discovered by the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL**, until December 30, 2006.

8. That the removal of the sponge from the Plaintiff, **ROCIO TADEO**, while pregnant with the Plaintiff, **KEVIN MONTIEL**, resulted in the premature delivery of the Plaintiff, **KEVIN MONTIEL**, with sequelae consistent with prematurity, including extensive hospitalizations and neurological deficits.

**WHEREFORE**, the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL**, a Minor, prays for judgment against the Defendant, **NAHLA MERHI, M.D.**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

## COUNT V – ASSOCIATED RADIOLOGISTS OF JOLIET, S.C.

(Negligence)

1

**NOW COMES** the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL**, a Minor, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **ASSOCIATED RADIOLOGISTS OF JOLIET, S.C.** (hereinafter **"ASSOCIATED"**), states as follows:

1.      That on and subsequent to June 17, 2004, and at all times relevant hereto, the Defendant, **ASSOCIATED**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendant, **VINOD PATEL, M.D.**, was an Illinois corporation operating as a physician's group for physicians specializing in radiology, which owned, operated, managed, maintained, and/or controlled healthcare facilities, institutions, and/or offices located in and throughout the County of Will and State of Illinois.

2.      That on and subsequent to June 17, 2004, and at all times relevant hereto, the Defendant, **ASSOCIATED**, by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **VINOD PATEL, M.D.**, offered healthcare services to the public and to the Plaintiff, **ROCIO TADEO**, and employed various physicians, nurses, and/or other healthcare professionals in the provision of such services.

3.      That on and subsequent to June 17, 2004, and at all times relevant hereto, the Plaintiff, **ROCIO TADEO**, was a patient of the healthcare facility owned, operated, managed, maintained, and/or controlled by the Defendant, **ASSOCIATED**, which by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants,

**VINOD PATEL, M.D.,** had accepted the Plaintiff, **ROCIO TADEO,** as a patient and undertook to diagnose and treat the condition from which she suffered.

4.     That on and subsequent to June 17, 2004, and at all times relevant hereto, there existed a duty on the part of the Defendant, **ASSOCIATED,** by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **VINOD PATEL, M.D.,** to possess and apply the skill and knowledge of a reasonably well-qualified healthcare staff and to treat the Plaintiff, **ROCIO TADEO,** in a manner which equaled or exceeded the applicable standard of care.

5.     That disregarding its duties, the Defendant, **SUBURBAN,** by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **VINOD PATEL, M.D.,** was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a.     Failure to properly identify the sponge from the film;

   b.     Failure to properly order testing to determine the composition of the mass in the pelvic region; and

   c.     Failure to obtain a surgical consult to remove the sponge.

6.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **ASSOCIATED,** by and through its agents, servants, and/or employees, whether actual or apparent, including, but not limited to, the Defendants, **VINOD PATEL, M.D.,** the Plaintiffs, **ROCIO TADEO** and

**KEVIN MONTIEL**, sustained serious and permanent injuries; expended and will in the future expend great sums of money in an attempt to be cured; suffered and will continue to suffer from disability and disfigurement; and experienced and will continue to experience great pain and physical suffering, all of which such injuries are permanent in nature.

7.     That the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, **SUBURBAN**, were not discovered by the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL**, until December 30, 2006.

8.     That the removal of the sponge from the Plaintiff, **ROCIO TADEO**, while pregnant with the Plaintiff, **KEVIN MONTIEL**, resulted in the premature delivery of the Plaintiff, **KEVIN MONTIEL**, with sequelae consistent with prematurity, including extensive hospitalizations and neurological deficits.

**WHEREFORE**, the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL**, a Minor, prays for judgment against the Defendant, **SUBURBAN**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

<u>**COUNT IV – VINOD PATEL, M.D.**</u>

(Negligence)

**NOW COMES** the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL**, a Minor, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **VINOD PATEL, M.D.**, states as follows:

1.      That on and subsequent to June 17, 2004, and at all times relevant hereto, the Defendant, **VINOD PATEL, M.D.,** was a medical doctor specializing in radiology in the State of Illinois, who practiced his profession at various healthcare facilities and institutions throughout the County of Will and State of Illinois, and offered medical care and professional services related thereto to the public and to the Plaintiff, **ROCIO TADEO**.

2.      That on and subsequent to June 17, 2004, and at all times relevant hereto, the Defendant, **VINOD PATEL, M.D.,** was an agent and/or employee, whether actual or apparent, of Defendant(s) **SILVER CROSS** and/or **ASSOCIATED,** and at all times relevant hereto, acted within the scope of that employment.

3.      That on and subsequent to June 17, 2004, and at all times relevant hereto, the Defendant, **VINOD PATEL, M.D.,** accepted the Plaintiff, **ROCIO TADEO**, as a patient and undertook to provide medical care and professional services to the Plaintiff, **ROCIO TADEO.**

4.      That at all times relevant hereto, there existed a duty on the part of the Defendant, **VINOD PATEL, M.D.,** to possess and apply the skill and knowledge of a reasonably well-qualified medical doctor specializing in radiology and to provide treatment to the Plaintiff, **ROCIO TADEO**, in a manner which equaled or exceeded the applicable standard of care.

5.      That in disregarding his duty, the Defendant, **VINOD PATEL, M.D.,** was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

  a.      Failure to properly identify the sponge from the film;

b.    Failure to properly order testing to determine the composition of the mass in the pelvic region; and

c.    Failure to obtain a surgical consult to remove the sponge.

6.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **VINOD PATEL, M.D.**, the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL**, sustained serious and permanent injuries; expended and will in the future expend great sums of money in an attempt to be cured; suffered and will continue to suffer from disability and disfigurement; and experienced and will continue to experience great pain and physical suffering, all of which such injuries are permanent in nature.

7.    That the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, **NAHLI MERHI, M.D.**, were not discovered by the Plaintiffs, **ROCIO TADEO** and **KEVIN MONTIEL**, until December 30, 2006.

8.    That the removal of the sponge from the Plaintiff, **ROCIO TADEO**, while pregnant with the Plaintiff, **KEVIN MONTIEL**, resulted in the premature delivery of the Plaintiff, **KEVIN MONTIEL**, with sequelae consistent with prematurity, including extensive hospitalizations and neurological deficits.

**WHEREFORE**, the Plaintiff, **ROCIO TADEO**, Individually and as Mother and Next Friend of **KEVIN MONTIEL**, a Minor, prays for judgment against the Defendant, **VINOD PATEL, M.D.**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages as herein above alleged.

Respectfully submitted,

Matthew K. Henry

**KRALOVEC, JAMBOIS & SCHWARTZ**
60 W. Randolph St., 4th Floor
Chicago, IL 60601
(312) 782-2525

17

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

**ROCIO TADEO,** Individually, and as Mother and )
Next Friend of **KEVIN MONTIEL,** a Minor, )
                                         )
          Plaintiff, )
                                         )
vs. )  No.:
                                         )
**SILVER CROSS HOSPITAL AND MEDICAL** )
**CENTERS, JAN SMITH, M.D., SUBURBAN** )
**OBSTETRICS & GYNECOLOGY, L.L.C.,** )
**NAHLA MERHI, M.D., ASSOCIATED** )
**RADIOLOGISTS OF JOLIET, S.C., and VINOD** )
**PATEL, M.D.,** )
                                         )
          Defendants. )

### JURY DEMAND

The undersigned demands a trial by jury.

                                      BY: *Matthew K. Henry*
                                           Matthew K. Henry

**KRALOVEC, JAMBOIS & SCHWARTZ**
Attorneys for Plaintiff
60 W. Randolph Street, 4th Floor
Chicago, Illinois 60601
(312) 782-2525

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

ROCIO TADEO, Individually, and as Mother and )
Next Friend of KEVIN MONTIEL, a Minor, )
                                      )
        Plaintiff, )
                                        )
vs.                                    ) No.:
                                        )
SILVER CROSS HOSPITAL AND MEDICAL )
CENTERS, JAN SMITH, M.D., SUBURBAN )
OBSTETRICS & GYNECOLOGY, L.L.C., )
NAHLA MERHI, M.D., ASSOCIATED )
RADIOLOGISTS OF JOLIET, S.C., and VINOD )
PATEL, M.D., )
                                        )
        Defendants. )

## AFFIDAVIT OF DAMAGES
## SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that he is

the attorney representing the Plaintiff in the above entitled cause of action seeking

money damages or collection of taxes and states that this cause of action does exceed

$50,000.00.

*Matthew K. Henry*
Matthew K. Henry
*Attorney for the Plaintiff*

**SUBSCRIBED AND SWORN** to before
me on this _____ day of _____, 2008.

_____
NOTARY PUBLIC

**KRALOVEC, JAMBOIS & SCHWARTZ**
60 W. Randolph Street, 4th Floor
Chicago, IL 60601
(312) 782-2525

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

ROCIO TADEO, Individually, and as Mother and ) 
Next Friend of KEVIN MONTIEL, a Minor, )
)
        Plaintiff, )
)
        vs. ) No.:
)
SILVER CROSS HOSPITAL AND MEDICAL )
CENTERS, JAN SMITH, M.D., SUBURBAN )
OBSTETRICS & GYNECOLOGY, L.L.C., )
NAHLA MERHI, M.D., ASSOCIATED )
RADIOLOGISTS OF JOLIET, S.C., and VINOD )
PATEL, M.D., )
)
        Defendants. )

## ATTORNEY AFFIDAVIT

    I, Matthew K. Henry, an attorney licensed to practice law by the State of Illinois, under the penalties of perjury, do hereby state:

1.    That I am unable to obtain a consultation from a health care professional because of the statute of limitations would impair this action.

2.    That the consultation required could not be obtained before the expiration of the statute of limitations.

3.    That a properly executed attorney affidavit and health care professional's written report shall be filed within 90 days after the filing of the Complaint.

4.    That all Defendants are excused from answering or otherwise pleading until 30 days after being served with an attorney affidavit and health care professional's written report.

FURTHER AFFIANT SAYETH NOT

Respectfully submitted,

*Matthew K Henry*

Matthew K. Henry

KRALOVEC, JAMBOIS & SCHWARTZ
60 W. Randolph Street, 4th Floor
Chicago, IL 60601
(312) 782-2525

## **CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Rocio Tadeo, Individually and as Mother and Next Friend of Kevin Montiel, a minor v. Silver Cross Hospital and Medical Centers, et al.*, No. 08 L 373 (Circuit Court of Will County, Illinois) and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Will County Community Health Center operated by the Will County Health Department was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Nahla Merhi, M.D., was acting within the scope of her employment at the Will County Community Health Center with respect to the incidents referred to in the complaint. Accordingly, Nahla Mehri, M.D. is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

Thomas Walsh

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: November 20, 2008

